JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | CAMCO, Management, Inc; Blak on Blak Enterprises, Inc.; KWS Entertainment LLC; and Walter Sutton |

(b) County of Residence of First Listed Plaintiff    N/A
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

Attorneys *(If Known)*
Unk.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff
☐ 2   U.S. Government Defendant
☐ 3   Federal Question *(U.S. Government Not a Party)*
☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine    Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability   ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal   ☐ 380 Other Personal Injury    Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -   ☐ 385 Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | Medical Malpractice    Product Liability | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education   ☐ 540 Mandamus & Other | | | |
| |   ☐ 550 Civil Rights | | | |
| |   ☐ 555 Prison Condition | | | |
| |   ☐ 560 Civil Detainee - Conditions of Confinement | | | |

Note: The ☒ mark appears at ☐ 890 Other Statutory Actions.

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1335, 2361
Brief description of cause:
Interpleader action to determine rights to property seized by United States

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   n/a     DOCKET NUMBER   n/a

DATE
10/03/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| United States of America | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAMCO Management, Inc., et al. | : | NO.   18-CV- |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| | | |
|---|---|---|
| 10/03/108 | _Joseph F. M._ | United States of America |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 861-8574 | (215) 861-8618 | joseph.minni@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelpia, PA 19106-4476

Address of Defendant: See Attachment

Place of Accident, Incident or Transaction: Havertown, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: N/A        Judge: N/A        Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/03/2018        _____        #53241 (PA)
                        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
        *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
        *(Please specify):* Interpleader Action

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Joseph F. Minni, AUSA , counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 10/03/2018        *Joseph F. Mi*        #53241 (PA)
                        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Crv. 609 (5 2018)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | **No. 18-CV-_____** |
| CAMCO MANAGEMENT, INC. | : | |
| 511 West Chester Pike | | |
| Havertown, PA 19083, | : | |
| BLAK ON BLAK ENTERPRISES, INC., | : | |
| 2625 Piedmont Road | | |
| Atlanta, GA 30324, | : | |
| KWS ENTERTAINMENT LLC | : | |
| c/o Walter Sutton | | |
| 930 Howell Mill Road | : | |
| Apt. 1410 | | |
| Atlanta, GA 30363, | : | |
| WALTER SUTTION | : | |
| 930 Howell Mill Road | | |
| Apt. 1410 | : | |
| Atlanta, GA 30363, | | |
| | : | |
| Defendants in Interpleader. | | |
| | : | |

## COMPLAINT IN INTERPLEADER

The United States of America, by its attorneys, William M. McSwain, United

States Attorney for the Eastern District of Pennsylvania, and Sarah L. Grieb and Joseph F.

Minni, Assistant United States Attorneys, pursuant to Federal Rule of Civil Procedure 22(a) and

28 U.S.C. § 2361, for its Complaint in Interpleader alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for interpleader pursuant to 28 U.S.C. §§ 1335 and

2361.  The United States, the plaintiff herein, has possession of $66,682.32 in funds ("seized

funds" or "interpleaded funds") seized by the Federal Bureau of Investigation ("FBI").  Each of

the defendants herein asserts the right to take possession of the seized funds in which the United

States itself has no beneficial interest.  Therefore, the purpose of this interpleader action, as more

fully pled below, is to resolve these conflicting claims of the defendants to the seized funds and

relieve the United States of any liability for it.

## THE PARTIES

2.      The plaintiff is the United States of America.

3.      Interpleader defendant CAMCO Management, Inc. ("CAMCO") is a

Pennsylvania corporation, with its principle offices located in Havertown, Pennsylvania, within

the Eastern District of Pennsylvania, that provides management services to condominium and

homeowners associations.

4.      Interpleader defendant Blak on Blak Enterprises, Inc. ("Blak on Blak") is

a Georgia corporation, having its principle offices located in Atlanta, Georgia.  Chuvalo M.

Ferrell is the Chief Executive Officer and Chief Financial Officer of Blak on Blak.

5.      Interpleader defendant KWS Entertainment LLC ("KWS") was a Georgia

Domestic Limited Liability Company that was dissolved in December 2016 and had its principle

offices located in Atlanta, Georgia.  Walter Sutton was the organizer and president of KWS.

6.      Interpleader defendant Walter Sutton is an individual who currently

resides in Atlanta, Georgia.

- 2 -

## JURISDICTION AND VENUE

7.      There is diversity of citizenship between interpleader defendant CAMCO and defendants Blak on Blak, KWS, and Walter Sutton, pursuant to 28 U.S.C. § 1332.  As more fully alleged below, all Interpleader defendants are adverse claimants to the seized funds which have a value in excess of $500.  Therefore, this Court has jurisdiction over this action for interpleader or in the nature of interpleader, pursuant to 28 U.S.C. § 1335.

8.      By operation of 28 U.S.C. § 2408, the United States is not required to deposit the seized funds with this Court as a predicate to subject matter jurisdiction.  The seized funds, which total $66,682.32, are currently in the possession of the United States Marshals Service ("USMS").

9.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1397, which provides that any civil action of interpleader or in the nature of interpleader brought under 28 U.S.C. § 1335 may be brought in the judicial district in which one or more of the claimants reside.

## FACTUAL BACKGROUND

10.      On or about October 29, 2015, FBI agents executed a lawfully-issued seizure warrant and seized funds, *i.e.*, interpleaded funds, from account number ****1400 at BB&T Bank, Lumberton, North Carolina, in the name of KWS Entertainment LLC.  Agents seized the funds on the basis that they were fraudulently obtained from CAMCO and subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 1343 and 981(a)(1)(C).  On or about November 10, 2015, BB&T Bank officially froze these funds pursuant to the seizure warrant.

11.      On or about December 1, 2015, the FBI obtained the interpleaded funds from BB&T Bank and deposited these funds into the Department of Justice Seized Assets

- 3 -

Deposit Fund, which is managed and maintained by the USMS. The USMS continues to hold the interpleaded funds, which total $66,682.32.

12.     The FBI determined that, on or about June 2, 2015, individuals at CAMCO responded to an email request and transferred by wire approximately $86,900 from CAMCO's account (No. ****9679) at National Cooperative Bank, NA to an account at Bank of America (No. ****9061) in the name of Blak on Blak Enterprises, Inc. CAMCO thereafter determined that it transferred these funds when it was not indebted to Blak on Blak, nor was Blak on Blak otherwise entitled to receive the funds.

13.     The FBI also determined that, on the following day, on or about June 3, 2015, approximately $66,682 in funds were transferred by wire from Blak on Blak's Bank of America account (No. ****9061) to an account at BB&T Bank (No. ****1400) in the name of KWS Entertainment, LLC. These funds remained in KWS' account until they were seized by the FBI pursuant to the seizure warrant.

## ADVERSE CLAIMS

14.     The FBI thereafter commenced forfeiture proceedings to administratively forfeit the seized funds. During the period from January 2016 to July 2016, in accordance with the forfeiture laws, the FBI obtained several orders to extend the time for it to notify parties of its intention to forfeit the seized funds.

15.     In accordance with 18 U.S.C. § 983(a)(1), on or about September 8, 2016, the FBI provided interpleader defendants Blak on Blak (c/o Chuvalo Ferrell), CAMCO, and KWS with direct, written notice of its intent to administratively forfeit the seized funds. The forfeiture notice directed the interpleader defendants that, if they wished to contest the forfeiture, they were required to file with the FBI a written claim asserting an interest in the seized funds.

- 4 -

16.     On or about September 26, 2016, interpleader defendant CAMCO filed with the FBI a written petition for remission asserting an interest in the seized funds.

17.     On or about October 7, 2016, Chuvalo Ferrell, on behalf of interpleader defendant Blak on Blak, filed with the FBI a written claim asserting an interest in the seized funds.

18.     The FBI thereafter referred the petition of CAMCO and claim of Blak on Blak to the United States Attorney's Office for the Eastern District of Pennsylvania for review for judicial forfeiture action.

19.     On or about September 29, 2016, the forfeiture notice sent to KWS was returned to the FBI as undeliverable.  The FBI thereafter attempted to obtain a correct address for KWS to provide direct, written notice of the administrative forfeiture action.

20.     On or about December 20, 2017, the FBI sent a letter to KWS Entertainment, LLC, 201 17th Street NW, Suite 300, Atlanta, GA 30363 regarding the disposition of the seized funds.  On or about December 29, 2017, this letter was returned to the FBI as undeliverable.

21.     On or about January 3, 2018, the FBI sent a second letter to KWS Entertainment, LLC, Attn: Walter Sutton, 930 Howell Mill Road, Apt. 1410, Atlanta, GA 30363 regarding the disposition of the seized funds.  On or about January 23, 2018, FBI Special Agents also met with Walter Sutton and provided him with a copy of this letter for his review.  On or about February 9, 2018, the FBI sent a copy of this letter to Walter Sutton, on behalf of KWS, 930 Howell Mill Road, Apt. 1410, Atlanta, GA 30363.

22.     In or about March 2018, FBI representatives spoke with counsel for KWS regarding his client's interest in and the disposition of the seized funds.  On or about March 12,

2018, counsel for KWS submitted to the USMS an ACH form setting forth wire payment instructions for the return of the seized funds.

23.    Title 18, United States Code, Section 983(a)(3) provides that, within 90 days after a claim for the return of property is filed, the government must file a civil complaint for forfeiture of the seized property, as provided under federal law. If the government does not file a civil forfeiture complaint; list the seized property as being subject to forfeiture in a criminal indictment; or take other steps necessary to preserve the seized property within the time prescribed by the statute, it must release the property and not take any further civil forfeiture action against the property.

24.    The United States was required to file a civil forfeiture complaint against the seized funds on or before January 10, 2017. The United States did not commence a civil forfeiture action within this deadline, and under law it no longer can seek civil forfeiture of this property.

25.    In accordance with the applicable regulation, 28 C.F.R. § 8.13, the FBI generally must release the property and "promptly notify the person with a right to immediate possession of the property."

## INTERPLEADER

26.    Interpleader defendants Blak on Blak, KWS, Walter Sutton, and CAMCO each have asserted, and the United States believes that these parties have, competing interests in the seized funds. Based on these claims, the interpleader defendants have asserted a right to immediate possession of the seized funds.

27.    The interpleaded funds cannot fully satisfy the claims asserted by the interpleader defendants because they each claim an interest in all of the funds, and the asserted

- 6 -

claims exceed the amount of the seized funds. Given the competing claims asserted by the interpleader defendants, the United States cannot determine which of the interpleader defendants are entitled to immediate possession of the seized funds.

28.     The United States cannot comply with its obligation to release the seized (interpleaded) funds pursuant to regulations promulgated by the Attorney General because of the competing interests in such property asserted by the interpleader defendants claiming to be the rightful owner of such property.

29.     Absent a resolution of the conflicting claims in a single proceeding, the United States is subject to multiple litigation and a substantial risk of duplicate or inconsistent rulings on proper ownership of the seized funds. The United States also may be subject to double or multiple liability with respect to the seized funds because each interpleader defendant claims an interest in such property.

30.     The United States is not aware of any equitable concerns that exist that may prevent this interpleader.

31.     The United States files this interpleader action in good faith and without any collusion with any of the parties thereto.

32.     This interpleader, therefore, is proper, and the United States should be discharged from any further obligation in connection with the dispute between interpleader defendants concerning the ownership of the seized funds.

WHEREFORE, the United States of America prays for an order:

1.     Restraining interpleader defendants, and each of them, from instituting any action against the United States for possession of the seized funds or any action seeking a judgment that any of them is entitled to possession of the seized funds;

- 7 -

2.     Directing interpleader defendants to interplead and settle between

themselves the right to possession of the seized funds;

3.     Discharging the United States from any and all liability arising from its

present custody of the seized funds; and

4.     Granting the United States such further relief as may be just and proper

under the circumstances.

Respectfully submitted,

WILLIAM M McSWAIN
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and
Financial Litigation Section

JOSEPH F. MINNI
Assistant United States Attorney
Deputy Chief, Asset Recovery and
Financial Litigation Section

Date: October 4, 2018.

- 8 -