**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> *v.* <br><br> **CAMCO MANAGEMENT, INC.**, et al., <br><br> Interpleader Defendants. | **CIVIL ACTION** <br><br> **NO. 18-4293-KSM** |

**MEMORANDUM**

**Marston, J.**                                                                                                **January 28, 2021**

In 2015, the Federal Bureau of Investigation ("FBI") seized $66,682.32 it alleges was fraudulently obtained from Interpleader Defendant CAMCO Management, Inc. ("CAMCO"). The United States of America disclaims any right to this money, and brought this interpleader action seeking to resolve Interpleader Defendants' conflicting claims to it. Presently before the Court is the question of whether Interpleader Defendant KWS Entertainment LLC ("KWS") was properly served. For the reasons discussed below, we conclude that it was not.

I.

In 2015, Walter Sutton organized KWS as a Georgia Limited Liability Company ("LLC") and listed himself as its registered agent. (Doc. No. 19-1 at ¶¶ 3–4; *id.* at p. 7.) Then, in 2016, the Georgia Secretary of State administratively dissolved KWS, citing failure to have a registered office or registered agent in Georgia for more than 60 days, failure to file its annual registration paperwork, and failure to pay required fees. (*Id.* at ¶ 5; *id.* at pp. 9–10.)

The Government initiated this suit against Interpleader Defendants CAMCO, Sutton,

1

Blak on Blak Enterprises, Inc.[1] ("Blak on Blak"), and KWS on October 4, 2018.  (Doc. No. 1.) That same day, summonses were issued.  The Government attempted to serve Sutton and KWS by emailing and mailing a copy of the complaint and request for waiver of summons to an attorney they believed represented Sutton at that time.  (Doc. No. 19-1 at ¶ 7.)  Neither the attorney nor Sutton responded to those communications.  (*Id.*)  On January 18, 2019, the Government, which had been unable to continue attempts to serve Sutton, KWS, and Blak on Blak, in part due to a lapse in government appropriations, requested an extension of time in which to do so.  (Doc. No. 3.)  The Court granted the motion, *nunc pro tunc* from January 2, 2019, and ordered the Government to effectuate service no more than 30 days after the government shutdown ended.  (Doc. No. 4.)

On March 14, 2019, the Government reported that it had effected service upon KWS and Sutton by leaving a copy of the summons and complaint with Sutton's girlfriend at Sutton's home address.  (Doc. No. 6 at ¶ 7.)  However, the Government had been unable to serve Blak on Blak, and requested an additional 60 days in which to do so.  (*Id.* at ¶¶ 8, 15.)  The Court granted this motion.  (Doc. No. 9.)

On June 10, 2019, the Court ordered the Government to show cause why Blak on Blak should not be dismissed from the case for failure to timely serve.  (Doc. No. 10.)  On June 24, its show cause deadline, the Government asserted that it had served all Defendants and filed a *Praecipe* to Enter Default Judgment with the Clerk of Court.  (Doc. No. 11.)  The Court denied this request without prejudice because the Government (1) did not request entry of default before

---

[1] Although this corporation is identified as "Blak on Blak Enterprises, Inc." in the Government and CAMCO's filings, it is identified as "Blak on Black Enterprises, Inc." in paperwork from the Georgia Secretary of State's office.  (*See* Doc. No. 13-3 at pp. 9–11.)  "Blak on Black Enterprises, Inc.'s" control number is the same as that identified by the Government for "Blak on Blak Enterprises, Inc."  (*Id.*)  For purposes of this opinion, we will refer to the corporation as "Blak on Blak," the name identified in the Government and CAMCO's filings.

filing its request for default judgment, (2) did not list a sum certain in its complaint or attach an affidavit to its request for default judgment showing the amount due, and (3) did not request entry of judgment against all Defendants. (Doc. No. 12.)

The Government subsequently requested the Clerk of Court enter defaults against Sutton, Blak on Blak, and KWS. (Doc. No. 13.) The Clerk entered default against Sutton on September 5, 2019, and against Blak on Blak and KWS on September 13, 2019. (*See* Doc. No. 14.) On November 25, 2019, the Court ordered the Government to show cause why the entries of defaults should not be vacated and dismissed for failure to prosecute; or file the appropriate motions for default judgment against Sutton, Blak on Blak, and KWS. (*Id.*) On December 4, 2019, the Government filed a motion for default judgment and judgment in interpleader against Sutton, Blak on Blak, and KWS, specifically requesting: (1) that the Government's motion for entry of default judgment and judgment in interpleader be granted; (2) default judgment be entered in favor of the Government and against the Interpleader Defendants Sutton, Blak on Blak, and KWS; (3) judgment be entered in favor of the Government and Interpleader Defendant CAMCO and against Interpleader Defendants Sutton, Blak on Blak, and KWS; (4) the Government be ordered to pay over the interpleaded funds in its possession to Interpleader Defendant CAMCO; and (5) the Government be discharged from any and all liability arising from its custody of the interpleaded funds. (Doc. No. 15.) CAMCO filed a response joining the Government's motion. (Doc. No. 16.)

On January 15, 2020, the Court determined that the Government's attempted service upon KWS by leaving copies of the summons and complaint with Tamara White, the girlfriend of KWS's registered agent Sutton, did not meet the requirements for service under the federal rules or Georgia state rules. (Doc. No. 17.) The Court ordered the Clerk of Court to strike the

entry of default against KWS and directed the Government to properly serve KWS and file the appropriate proof of service. (*Id.*)

On February 28, 2020, the Government filed its proof of service.[2] (Doc. No. 19.)[3] In the proof of service, the Government reported that it made "several skip-tracing efforts . . . to locate the current whereabouts of Walter Sutton." (Doc. No. 19-1 at ¶ 10.) Based on those efforts, the Government arranged with a process server to attempt service upon KWS through Sutton at three addresses associated with Sutton. (*Id.* at ¶¶ 10–11.) None of these attempts were successful; Sutton reportedly does not live at any of the addresses the Government identified. (*Id.* at ¶ 11; *id.* at pp. 12–14.)

Unable to serve KWS through Sutton in person, the Government mailed copies of the summons and complaint to KWS's last registered address, as well as the address Sutton previously listed in 2015 when he registered as KWS's agent. (*Id.* at ¶¶ 15–17.) The Government avers that these mailings perfected service against KWS. (*Id.* at ¶¶ 15, 18.)

## II.

"A court obtains personal jurisdiction over the parties where the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991). Federal Rule of Civil Procedure 4(h) governs service of process on business entities. Rule 4(h) provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . in the manner

---

[2] Also, on this date, the case was reassigned. (Doc. No. 18.)

[3] We note that, although the Government filed its proof of service on February 28, 2020, it never re-filed for default against KWS. However, because we find that the Government has still not properly served KWS, this failure is of no moment.

4

prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h). In turn, Rule 4(e)(1) permits service to be made according to the state law of the jurisdiction where service is made (here, Georgia). Fed. R. Civ. P. 4(e)(1).

Under Georgia law, there are several ways to serve an LLC. The starting point is section 14-11-1108 of the Georgia Code, which provides that "A limited liability company's registered agent is the limited liability company's agent for service of process, notice, or demand required or permitted by law to be served on the limited liability company." Ga. Code Ann. § 14-11-1108(a) (2020). However, if the LLC does not have a "registered agent or the agent cannot with reasonable diligence be served, the limited liability company may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the limited liability company at its principal office." *Id.* If an LLC has been administratively dissolved, its registered agent retains his or her ability to accept service on behalf of the company. *Id.* § 14-11-603(b)(3); *see also In re Reese*, Case No. 16-66599-LRC, 2017 WL 2838102, at *1 n.3 (Bankr. N.D. Ga. June 29, 2017).

Section 14-11-1108 "does not prescribe the only means, or necessarily the required means, of serving a limited liability company." Ga. Code Ann. § 14-11-1108(a). Under Georgia law, LLCs may also be served under the laws applied to corporations. *See Brock Built City Neighborhoods, LLC v. Century Fire Prot., LLC*, 671 S.E.2d 240, 241–42 (Ga. App. 2008); *Anthony Hill Grading, Inc. v. SBS Inv., LLC*, 678 S.E.2d 174, 177 (Ga. App. 2009); *see also Thomas v. Bank of Am., N.A.*, Civil Action File No. 1:11-CV-0391-WSD-AJB, 2011 WL 13120812, at *2 (N.D. Ga. Dec. 30, 2011). Corporations may be served in Georgia by personally serving the corporation's president or other officer, managing agent, or registered agent. Ga. Code Ann. § 9-11-4(e)(1)(A).

If a corporation cannot be personally served "for any reason," section 9-11-4 of the Georgia Code allows the corporation to be served through the Georgia Secretary of State. *Id.* To do so, the serving party submits written verification to the Secretary that it has sent the complaint and summons to the corporation's last registered office or registered agent, that service cannot be effected at that office, and that it therefore appears that the corporation has failed to maintain a registered office or registered agent in Georgia. *Id.* Service through this method is allowed provided the serving party can show a reason why it has been unable to serve the defendant corporation. *Brock Built*, 671 S.E.2d at 242–43. Administratively dissolved corporations may be served through the Secretary. *See Carnegay v. WalMart Stores, Inc.*, 839 S.E.2d 176, 178 n.1 (Ga. App. 2020); *Thorburn Co. v. Allied Media of Georgia, Inc.*, 516 S.E. 2d 833, 835 (Ga. App. 1999).

### III.

The Government asserts that it exercised reasonable diligence in attempting to serve KWS's registered agent Sutton and when unsuccessful, properly served KWS by following the requirements for serving a Georgia LLC by mail. (Doc. No. 19-1 at ¶ 15.) The Government sent a copy of the complaint and summons to KWS's principal office and to another address associated with Sutton via certified mail. (*Id.* at ¶¶ 16–17.) Yet, neither mailing was delivered. (*Id.*) Nonetheless, the Government asserts that it has complied with the requirements of section 14-11-1108(a). (*Id.* at ¶ 15.)

As an initial matter, we find that the Government was not allowed to serve KWS by mail. This is because the Government has not exhibited reasonable diligence in its attempts to serve Sutton, KWS's registered agent, in person. There are no cases discussing what is required for a party to be reasonably diligent within the meaning of section 14-11-1108(a). However, cases

construing reasonable diligence provisions in other sections of the Georgia Code are instructive.

For instance, in *Abba Ganna v. Abba Ganna*, the Supreme Court of Georgia held that the plaintiff had not exercised due diligence in attempting to serve the defendant because she had not "pursu[ed] every reasonably available channel of information" as to his whereabouts.  304 S.E.2d 909, 912 (Ga. 1983).  In that case, the plaintiff had not attempted to find the defendant, despite knowing that he had taken private and military flight training in the United States, had bank accounts here, and was in the country on a non-immigrant visa.  *Id.* at 913.  The court ruled that she had not been diligent, because she could have contacted his military and civilian flight trainers, banks, and embassy to see if they knew his whereabouts.  *Id.*

Similarly, in *Allstate Fire & Casualty Insurance Co. v. Fennell*, the Southern District of Georgia found that the plaintiff's attempts at service had not been sufficiently diligent under Georgia law.  Civil Action No. 2:18-cv-134, 2019 WL 9667845, at *2 (S.D. Ga. Feb. 26, 2019). There, the plaintiff's process server made one attempt to serve the defendant in person at his last known address, spoke with one of the defendant's family members, performed two online public records searches, and called a county clerk's office in an attempt to locate the defendant.  *Id.* The court held that these steps were insufficient, and that the plaintiff should have taken other steps such as speaking with the defendant's neighbors or other family members, or hiring a private investigator or skip trace service.  *Id.*

Here, as in *Abba Ganna* and *Fennell*, the Government has taken relatively few steps to serve KWS.  Counting the Government's 2019 attempt to serve KWS by leaving process with Sutton's girlfriend, they have only attempted to serve KWS in person four times.  (*See* Doc. No. 6 at ¶ 7; Doc. No. 19-1 at ¶¶ 10–11.)  The Government has provided only cursory information about what efforts they made to locate Sutton (*see* Doc. No. 19-1 at ¶ 10 ("I made several skip-

tracing efforts . . . to locate the current whereabouts of Walter Sutton.")), which weighs against a finding of diligence.  *See Parker v. Silviano*, 643 S.E.2d 819, 821–22 (Ga. App. 2007); *see also Allstate Fire & Cas. Ins. Co. v. Daniels*, 1:17-cv-1724-WSD, 2017 WL 8809355, at *2 (N.D. Ga. Sept. 8, 2017).  Additionally, the Government has not attempted to identify Sutton's whereabouts through other methods.  They have not searched public records, such as voter registration records, vehicle registration records, Georgia business registration records,[4] or social media.  *See Fennell*, 2019 WL 9667845, at *2; *Chronister v. Butts County*, Civil Action No. 5:15-CV-150 (MTT), 2016 WL 236235, at *1 (M.D. Ga. Jan. 20, 2016); *cf. Great Am. Ins. Co. v. Am. Pan & Eng'g Co., Inc.*, Civil Action File Number 3:12-cv-129-TCB, 2012 WL 13028207, at *1 (N.D. Ga. Nov. 7, 2012) ("GAIC has attempted to serve [defendants] at all personal and business addresses associated with them.").  Nor has the Government attempted to obtain Sutton's updated address through the Post Office.  *See Davis v. Bushnell*, 537 S.E.2d 477, 478 (Ga. App. 2000).  The Government has not spoken with Sutton's family members or former neighbors.[5] *See Fennell*, 2019 WL 9667845, at *2; *Great Am. Ins. Co.*, 2012 WL 13028207, at *1; *Abba Ganna*, 304 S.E.2d at 913.  A private investigator has not been hired to find Sutton.  *See Fennell*, 2019 WL 9667845, at *2; *Davis*, 537 S.E.2d at 478–79.  And, the Government failed to make multiple attempts to serve Sutton at different times of the day at the places believed to be his address; nor did they stake out these locations.  *See Chronister*, 2016 WL 236235, at *1; *Great Am. Ins. Co.*, 2012 WL 13028207, at *1.  The Court finds that the Government has not exercised reasonable diligence in attempting to serve Sutton, KWS's registered agent, and therefore cannot

---

[4] It does not appear that the Government examined, for instance, whether Sutton has registered any other active businesses with the Georgia Secretary of State, and, if so, whether those registrations include addresses for Sutton different from those at which the Government has already attempted service.

[5] It does not appear that the Government made any attempts to revisit Sutton's girlfriend, Ms. White, and inquire as to Sutton's present whereabouts.

8

justify service by mail under section 14-11-1108.

Even if the Government could demonstrate a reasonably diligent effort to serve KWS under section 14-11-1108, that section is silent on how to serve an LLC that has been administratively dissolved. It is section 14-11-603 that governs the administrative dissolution of LLCs. Ga. Code Ann. § 14-11-603. That section provides that "[t]he administrative dissolution of a limited liability company does not terminate the authority of its registered agent." *Id.* § 14-11-603(b)(3). Thus, while section 14-11-1108 outlines multiple means through which to serve an LLC, section 14-11-603 allows only one means for serving an administratively dissolved LLC: personally serving the LLC's registered agent. *See In re Reese*, 2017 WL 2838102, at *1 n.3; *cf. John C. Wilson Co., Inc. v. Regions Bank*, 834 S.E.2d 610, 612–13 & n.3 (Ga. App. 2019) (service on an administratively dissolved corporation proper through its last registered agent); *Principal Lien Servs., LLC v. NAH Corp.*, 814 S.E.2d 4, 9 & n.18 (Ga. App. 2018) (same).

In addition to serving an administratively dissolved LLC through its last registered agent, there is precedent for serving dissolved LLCs in the same manner as one might serve a dissolved corporation. *See Thomas*, 2011 WL 13120812, at *2. Under Georgia law, dissolved corporations may be served through any of the executive officers listed in the corporation's last annual registration. *Id.* (citing Georgia Code Ann. § 14-2-1408). Additionally, courts have allowed dissolved Georgia corporations to be served through the Georgia Secretary of State. *See Carnegay*, 839 S.E.2d at 178 n.1; *Thorburn Co.*, 516 S.E. 2d at 835.

In sum, therefore, a plaintiff following Georgia law may serve an administratively dissolved LLC by either (1) personally serving the LLC's registered agent or organizer (the LLC equivalent to a corporation's executive officers), or (2) effecting service through the Georgia

Secretary of State.[6]  Neither condition is met in this case; the Government has neither personally served Sutton, KWS's last registered agent and organizer, nor effected service on KWS through the Georgia Secretary of State.  (*See generally* Doc. No. 19-1.)  Accordingly, we find that at this stage, KWS has not been properly served under Georgia law.[7]

## IV.

For these reasons, we find that KWS has not yet been properly served.  The Government must properly serve KWS no later than March 19, 2021.

An appropriate order follows.

---

[6] In matters such as this, the Fifth Amendment's Due Process Clause requires the Government to take steps "reasonably calculated" to notify a party of a pending case.  *Dusenbery v. United States*, 534 U.S. 161, 170–171 (2002).  We observe, without deciding, that because the addresses the Georgia Secretary of State has on file for KWS and for Sutton as KWS's registered agent are the same addresses to which the Government already unsuccessfully attempted to mail service of process (*see* Doc. No. 19-1 at ¶¶ 16–17; *id.* at p. 7), personally serving KWS through Sutton appears the method more reasonably calculated to provide KWS with notice.

[7] We note that, because the Government has not served KWS by serving Sutton in person, service is also improper under federal and Pennsylvania law.  *See* Fed. R. Civ. P. 4(h)(1)(B) (requiring a business to be served by delivering a copy of the summons and complaint to one of the business's officers or its registered agent); Pa. R. Civ. P. 424 (same).

10