**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 18-4293-KSM** |
| **CAMCO MANAGEMENT, INC.**, et al., | |
| Interpleader Defendants. | |

**MEMORANDUM**

**Marston, J.**                                                         **September 9, 2021**

On October 29, 2015, the Federal Bureau of Investigation ("FBI") executed a seizure warrant and seized $66,682.32 (the "interpleaded funds") from the bank account of Interpleader Defendant KWS Entertainment LLC. (Doc. No. 1 at ¶ 10.) The basis for the seizure was that these funds were fraudulently obtained from Interpleader Defendant CAMCO Management, Inc. and subject to forfeiture to the United States of America. (*Id.*) Shortly thereafter, the FBI initiated forfeiture proceedings to administratively forfeit the seized funds and notified interested parties of this intention. (*Id.* at ¶ 14.) KWS and CAMCO, along with Interpleader Defendants Blak on Blak Enterprises and Walter Sutton, each claimed an interest in the seized funds. (*Id.* at ¶ 26.) Due to these competing interests, the United States of America initiated the instant interpleader action. (*Id.*) Presently before the Court is the Government's Motion for Default Judgment and Judgment in Interpleader. (Doc. No. 15.) For the reasons that are discussed below, the Government's Motion will be granted.

## I.      FACTUAL BACKGROUND

At this stage, we take as true all well-pleaded facts (other than those related to damages)

in the Government's Complaint.  *See Serv. Emps. Int'l Union Local 32BJ Dist. 36 v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018).

CAMCO is a Pennsylvania corporation with its principal place of business in Pennsylvania.  (Doc. No. 1 at ¶ 3.)  Blak on Blak is a Georgia corporation; its principal place of business is in Georgia and its Chief Executive Officer and Chief Financial Officer is Chuvalo M. Ferrell.  (*Id.* at ¶ 4.)[1]  KWS was a Georgia limited liability company ("LLC") that was dissolved in 2016.  (*Id.* at ¶ 5.)  Its organizer and president was Walter Sutton, a Georgia resident.  (*Id.* at ¶¶ 5–6.)

The events giving rise to this action began in June 2015, when a CAMCO employee responded to an email request and wire transferred approximately $86,900 from CAMCO's bank account to Blak on Blak's bank account.  (*Id.* at ¶ 12.)  CAMCO later learned that it had transferred these funds to Blak on Blak despite the fact CAMCO did not owe any money to Blak on Blak and Blak on Blak was not entitled to the funds.  (*Id.*)

Subsequently, the FBI learned that upon receipt of the approximately $86,900, Blak on Blak immediately transferred $66,682.32 to KWS's bank account.  (*Id.* at ¶ 13.)  On October 29, 2015, the FBI executed the seizure warrant on KWS's bank account and froze the $66,682.32, the interpleaded funds.  (*Id.* at ¶ 10.)  On December 1, 2015, the FBI obtained the interpleaded funds and deposited the money into an account managed and maintained by the United States Marshals Service.  (*Id.* at ¶ 11.)

The FBI then took steps to administratively forfeit the seized funds.  (*Id.* at ¶¶ 14–15.)  At

---

[1] The corporation identified as "Blak on Blak Enterprises, Inc." in the Government's and CAMCO's filings is identified as "Blak on Black Enterprises, Inc." in paperwork from the Georgia Secretary of State's office.  (*See* Doc. No. 13-3 at pp. 9–11.)  For purposes of this opinion, the Court refers to the corporation as "Blak on Blak.".

that time, CAMCO, Blak on Blak, and KWS each claimed an interest in the seized funds. (*Id.* at ¶¶ 16–17, 22.) The Complaint also alleges that Sutton claimed an interest in the seized funds. (*Id.* at ¶ 26.) Although the FBI referred this matter to the United States Attorney's Office for the Eastern District of Pennsylvania for a potential judicial forfeiture action, the United States Attorney's Office declined prosecution. (*Id.* at ¶¶ 18, 24.)

## II.   PROCEDURAL HISTORY

On October 4, 2018, the Government initiated this suit against Interpleader Defendants CAMCO, Sutton, Blak on Blak, and KWS. (Doc. No. 1.) Eventually, the Government was able to successfully serve all Defendants. (*See* Doc. Nos. 5, 8, 11, 28–30.) CAMCO is the only Defendant to have entered an appearance or otherwise participated in this litigation. (Doc. Nos. 2, 5, 16.) The Government requested that defaults be entered against Blak on Blak, KWS, and Sutton for failure to appear or otherwise defend (Doc. No. 13); the Clerk of Court entered defaults against these Defendants on September 4, 2019.[2]

On December 4, 2019, the Government filed a Motion for Default Judgment and Judgment in Interpleader against Sutton, Blak on Blak, and KWS, specifically requesting that: (1) the Government's motion for entry of default judgment and judgment in interpleader be granted; (2) default judgment be entered in favor of the Government and against the Interpleader Defendants Sutton, Blak on Blak, and KWS; (3) judgment be entered in favor of the Government and Interpleader Defendant CAMCO and against Interpleader Defendants Sutton, Blak on Blak, and KWS; (4) the Government be ordered to pay over the interpleaded funds in its possession to

---

[2] The Court later determined that KWS had not been properly served, and ordered the Clerk of Court strike the entry of default against KWS. (Doc. No. 17.) Although the Government was eventually able to serve KWS (*see* Doc. Nos. 28–30), it never requested that a default be re-entered against that Defendant. However, because KWS and Sutton stipulated to the entry of default judgment against themselves (*see* Doc. No. 32), the Government's failure to obtain another default against KWS is of no moment.

Interpleader Defendant CAMCO; and (5) the Government be discharged from any and all liability arising from its custody of the interpleaded funds.  (Doc. No. 15.)  CAMCO joins the Government's Motion.  (Doc. No. 16.)[3]

After it filed its Motion (and after some delays resulting from its attempts to serve KWS), the Government filed a Stipulation that it reached with Sutton which stated that he and KWS did not wish to defend against this action.  (Doc. No. 31.)  The Court entered this Stipulation on May 27, 2021.  (Doc. No. 32.)  Consequently, all that remains in this case is for the Court to determine whether default judgment may be entered against Blak on Blak, and judgment entered in favor of the Government and CAMCO.  Pursuant to Local Rule 7.1(f), the Court disposes of these questions without oral argument.

## III.  STANDARD OF REVIEW

"After a clerk enters default pursuant to Federal Rule of Civil Procedure 55(a) against a party that has 'failed to plead or otherwise defend' an action, the party may be subject to entry of a default judgment."  *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 634 (quoting Fed. R. Civ. P. 55(a)).  The clerk may enter default judgment in a plaintiff's favor if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  The decision to enter default judgment pursuant to Rule 55 "is left primarily to the discretion of the district court."  *Perez v. Kwasny*, Civil Action No. 14-4286, 2016 WL 558721, at *2 (E.D. Pa. Feb. 9, 2016) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.

---

[3] Although CAMCO asserted claims against Blak on Blak, KWS, and Sutton in its Answer, Affirmative Defenses, and Cross Claim (Doc. No. 5), CAMCO never requested a default or moved for default judgment against those Defendants.

4

1984)).

When the plaintiff files a motion to enter default judgment, the Court considers the three factors outlined by the Third Circuit in *Chamberlain v. Giampapa*: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)); *see also, e.g.*, *Walsh v. Satori Grp., Inc.*, Civil Action No. 20-3906-KSM, 2021 WL 2072237, at *3 (E.D. Pa. May 24, 2021). However, before turning to the *Chamberlain* factors, the Court must first "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 635 (quotation marks omitted).[4]

## IV.   DISCUSSION

The Government brought this suit in interpleader pursuant to 28 U.S.C. § 1335. (Doc. No. 1.) An interpleader action prevents a party from being subject to multiple liability to competing parties who claim an interest in the same property. *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). It brings all parties who may have an interest in the property into the suit and the claimants then "settle their dispute in a single proceeding." *Id.* Section 1335 provides that the federal district courts have jurisdiction over interpleader actions if three conditions are met: (1) the property at issue has a value of $500 or more, (2) there are "[t]wo or

---

[4] In addition, courts typically consider the six factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) "when a plaintiff moves under Rule 55(b) for a default judgment as a sanction for failure to plead or otherwise defend." *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 (3d Cir. 1990); *see also Perez*, 2016 WL 558721, at *2. However, the Court finds that it is unnecessary to consider the *Poulis* factors in this case, as Blak on Blak has not even entered an appearance in this matter. *See Anchorage Assocs.*, 922 F.2d at 177 n.9; *Walsh*, 2021 WL 2072237, at *3 n.3 (collecting cases).

more adverse claimants" to that property, and (3) the claimants are of diverse citizenship.[5]  28 U.S.C. § 1335(a).

Here, all three conditions are met.  The property at issue is $66,682.32 in cash.  (Doc. No. 1 at ¶ 1.)  While the Government disclaims any interest in the funds, Blak on Blak, CAMCO, KWS, and Sutton all claim an interest.  (*Id.* at ¶ 26.)  And, CAMCO is a citizen of Pennsylvania, whereas Blak on Blak, KWS, and Sutton are all citizens of Georgia (*id.* at ¶¶ 3–6), satisfying § 1335's "minimal diversity" requirement, "that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens," *State Farm Fire & Cas. Ins. Co. v. Tashire*, 386 U.S. 523, 530 (1967); *see also Metro. Life Ins. Co.*, 501 F.3d at 275.

Having concluded that the Government has stated a legitimate interpleader cause of action, the Court now turns to whether the *Chamberlain* factors weigh in favor of granting default judgment against Blak on Blak.  *See Prudential Ins. Co. of Am. v. Yeon*, Civ. No. 20-11353 (KM) (ESK), 2021 WL 3758079, at *3 (D.N.J. Aug. 25, 2021); *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 434 (E.D. Pa. 2015).

First, both the Government and CAMCO would be prejudiced if default judgment is denied—the Government because it would be forced to maintain custody over money it disclaims any interest in, and CAMCO because it would be denied recovery of a substantial

---

[5] Ordinarily, a plaintiff bringing an interpleader suit must deposit the money or property at issue "into the registry of the court, there to abide the judgment of the court, or . . . give[] bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy."  28 U.S.C. § 1335(a)(2).  However, under 28 U.S.C. § 2408, the Government is not required to provide "[s]ecurity for damages or costs;" this provision of the Code means that the Government is not required to place disputed property on the court's register or pay a bond in interpleader cases.  *See United States v. Herce*, 334 F. Supp. 111, 112 (S.D.N.Y. 1971); *United States v. Kinney*, 264 F. 542, 545 (E.D. Pa. 1920) (reaching the same conclusion regarding a provision of the Code antecedent to § 2408).

portion of the funds it alleges Blak on Blak fraudulently obtained.  *See Phoenix Ins. Co.*, 307 F.R.D. at 434 ("Small and Liberty Mutual will be prejudiced if we deny default as they will be subject to litigation with ten insurers who have responded as to the proceeds of the *res* that they have already in good faith deposited in full into the Registry of the Court.  This factor powerfully weighs in favor of granting default judgment."); *see also Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 637 ("First, Plaintiffs will certainly be prejudiced if default judgment is denied, as Plaintiffs have not yet received the withdrawal liability that they are owed.").

Second, Blak on Blak does not appear to have a litigable defense.  As discussed above, the Government has established the necessary requirements for an interpleader action.  Despite being served with notice of the lawsuit, Blak on Blak has not entered an appearance.  No answer has been filed providing any facts to suggest that the Government is not entitled to bring this interpleader action.  *See Prudential Ins. Co. of Am.*, 2021 WL 3758079, at *3 ("[A party's] uncertainty as to which of two potential claimants to pay presents perhaps the classic case for interpleader."); *cf. Stevens v. Wiggins*, Civ.A. No. 90-7038, 1991 WL 152960, at *2 (E.D. Pa. Aug. 6, 1991) ("A defendant establishes a meritorious defense when defendant's answer, if established at trial, would constitute a complete defense to the action." (quotation marks omitted)).  Further, the Court sees no issues on the face of the Complaint with jurisdiction, venue, or the statute of limitations.

Finally, the Court finds that Blak on Blak's delay is due to its own culpable conduct.  For over two years, Blak on Blak has failed to enter an appearance or to otherwise defend this case. (Doc. No. 11-2 at pp. 3, 7–13; Doc. No. 11-3 at pp. 2–13.)  In addition to being formally served through the Georgia Secretary of State (*see* Doc. No. 11-3 at p. 10), the Government mailed multiple notices related to this lawsuit to Blak on Blak's business address (*see* Doc. No. 11-2 at

7

pp. 7, 9–10).[6]  Therefore, Blak on Blak is at fault for not participating in this action.  *See Kelly M. v. Luzerne Intermediate Unit*, 71 F. App'x 116, 118 (3d Cir. 2003); *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 637.

Because the Government has stated a legitimate cause of action for interpleader and the *Chamberlain* factors weigh in favor of doing so, default judgment will be entered against Blak on Blak.  As other courts have held, if default judgment is entered against an interpleader defendant, then that defendant has forfeited any claim to the disputed property, and default judgment therefore "terminates that party's interest in the fund at issue."  *Fed. Ins. Co. v. Adams*, Civil Action No. 05-cv-00965-MSK-CBS, 2007 WL 1456103, at *7 (D. Colo. May 15, 2007); *see also, e.g.*, *Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009); *Sun Life Assurance Co. of Can. v. Conroy*, 431 F. Supp. 2d 220, 226 (D. Conn. 2006).  Here, Blak on Blak has forfeited its interest in the interpleaded funds held by the Government by default.[7]

Accordingly, CAMCO, as the only remaining claimant, is entitled to the $66,682.32, and the Government is discharged of its obligations to all Interpleader Defendants.  *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.3 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *Usable Life Co.*, 2009 WL 4348588, at *2 ("The Court will grant Plaintiff's motion for default judgment against Gann, which leaves T.L.G. as the only remaining defendant with a valid claim to the benefits from Decedent's policy.").

---

[6] The Court takes judicial notice of the fact that, according to the Georgia Secretary of State's website, Blak on Blak is an active corporation still registered at this same address.

[7] Likewise, KWS and Sutton have forfeited their interest in the interpleaded funds by agreeing to the entry of default judgment against themselves.

**V.      CONCLUSION**

For these reasons, the Government's Motion for Default Judgment and Judgment in Interpleader shall be granted, default judgment shall be granted against Interpleader Defendant Blak on Blak Enterprises, Inc., and judgment shall be entered in favor of the Government and Interpleader Defendant CAMCO Management, Inc.

An appropriate Order follows.